United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LILIYA RAMSEY,

           Plaintiff,

    v.

HV GLOBAL MANAGEMENT
CORPORATION, et al.,

           Defendants.

Case No.  26-cv-04197-BLF

LILIYA RAMSEY,

           Plaintiff,

    v.

HV GLOBAL MANAGEMENT
CORPORATION, et al.,

           Defendants.

Case No.  26-cv-04228-BLF

**ORDER CONSOLIDATING CASES;
AND DIRECTING PLAINTIFF TO
FILE A CONSOLIDATED AMENDED
COMPLAINT**

On May 19, 2026, the Court related Case No. 21-cv-09955, Case No. 26-cv-04197 (the "FLSA Case"), and Case No. 26-cv-04228 (the "Class Case").  The Court subsequently requested that the Parties from the FLSA Case and the Class Case submit their positions on (1) whether the cases should be consolidated; and (2) whether Plaintiff should file a consolidated complaint.  For the reasons set forth below, the Court CONSOLIDATES the above-captioned cases and DIRECTS Plaintiff to file a consolidated amended complaint.

Defendants HV Global Management Corporation and MVW Services Corporation argue that the cases should be consolidated because the cases are pending before the same court, involve

the same parties and overlapping classes, and contain the same alleged common questions of law and fact.  Defendants further argue that a consolidated complaint would streamline the proceedings.  For her part, Plaintiff Liliya Ramsey opposes consolidation because the "two cases are completely different."  While both are wage-and-hour cases, the FLSA Case is a collective action arising out of federal law, and the Class Case is a class action asserting violations of state law.  Moreover, Plaintiff contends that removal of the state law case was improper.

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed. R. Civ. P. 42(a)(2).  District courts have "broad discretion under [Rule 42(a)] to consolidate cases pending in the same district."  *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice."  *Bodri v. Gopro, Inc.*, No. 16-cv-00232-JST, 2016 WL 1718217, at *1 (N.D. Cal. Apr. 28, 2016) (internal quotation marks omitted) (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010)).

Here, this standard favors consolidation.  The two cases are pending before the same court and have identical parties.  The cases also define overlapping classes/collectives.  *Compare* FLSA Case, ECF No. 19 ("FLSA Compl.") ¶ 13 (defining the collective), *with* Class Case, ECF No. 20 ("Class Compl.") ¶ 14 (defining the proposed class).  Furthermore, the cases include common questions of law and fact, including the existence and legality of various workplace policies.  To name one example, the FLSA Case lists as a common question "[w]hether Defendants failed to pay minimum wages to Plaintiff and Nationwide Collective Class members."  FLSA Compl. ¶ 18.c.  Similarly, the Class Case lists as a common question "[w]hether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked."  Class Compl. ¶ 17.e.  The underlying factual allegations are also overlapping.  For instance, Plaintiff asserts in both cases that "Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other [proposed class/collective members] worked off the clock performing work duties."  FLSA Compl. ¶ 27; Class Compl. ¶ 38.

In light of the substantial overlap between the two actions, the Court finds that consolidation is appropriate and in the interest of judicial economy.  The Court further finds that consolidation poses a minimal risk of delay, confusion, or prejudice.  Accordingly, the Court ORDERS as follows:

(1) Pursuant to Fed. R. Civ. P. 42(a), the above-captioned actions are CONSOLIDATED for all purposes.

(2) The consolidated action will be *Ramsey v. HV Global Management Corporation et al.*, and all future filings will be filed in Case No. 26-cv-04197.  The Clerk of the Court SHALL administratively close Case No. 26-cv-04228.

(3) Plaintiff SHALL file a consolidated complaint on or before **July 3, 2026.**

(4) Defendants' deadlines to respond to Plaintiff's operative complaints are STAYED pending Plaintiff's filing a consolidated complaint.

Dated:  June 3, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3